## SUPERIOR COURT

Jacob J. Katersky, et al
vs.                                Eq.No.2059.
P. D. Humphrey Co,. Inc.

RESCRIPT

April 17, 1925

WALSH, JUDGE.  P. D. Humphrey Company, Inc.,  proceed to enforce mechanic's lien against Jacob J. Katersky and Sadie Katersky, owners of lot 39, Ocean View Park, Portsmouth, Rhode Island, for materials furnished by it in the construction of a certain building erected on said lot to Walter S. Lowden & Son, who, they alleged, had a contract with said Jacob J. Katersky and Sadie Katersky for the construction of said building.  Notice was served by posting a copy of the lien notice on  the  premises by  a deputy sheriff whose return reads as follows:

"State of Rhode Island, Providence Plantations, Newport, Sc.

In the Town of Portsmouth, in said County and State, I have on the 26th day of June, A. D., 1924, made a service of the within notice by posting the original, of which this is a  true copy, on the  land herein described, the owner of said land being without the state, and placed a copy  of said notice on record in the office of the Town Clerk of the Town of Portsmouth.

(Signed)  Frank P. King,
Deputy Sheriff."

There was no appearance for either of respondents entered in the lien

proceeding and a decree pro confesso was entered and a Master was appointed to sell and  the sale was advertised, etc.  On the day before the time set for the sale the Katerskys for the first time learned of the proceedings and filed this bill in equity to restrain further proceedings.  The petitioner (Humphrey)  filed  a demurrer to the bill of complaint.

The most important question raised by the demurrer is:

Whether legal service of the  lien notice was made upon the respondents?

The  procedure  to  enforce mechanic's lien being statutory must be strictly complied with.  The notice being an integral part of the proceeding must be served in strict accordance with the provisions of Sec. 6, Ch. 301, Gen. Laws, 1923.  The reference in the notice to Chap. 257, Gen. Laws 1909 may be considered as a clerical error, so far as this opinion is concerned.  The more important consideration is whether posting a notice on the door of the premises under  the circumstances disclosed by the testimony was good service upon either or both of respondents Katersky. The statute requires "(1)  personal  service, (2) last  and  usual  place of abode, (3) if such owner cannot  be found and has no place of abode within  the state,  said  notice  may be served by posting, etc."  The officer's return states "the owner (singular) being without the state." Before legal service of the notice by posting may be had, it must distinctly and clearly appear by the officer's return or by extrinsic evidence  that  the owner cannot be found and that he has no place of abode in this state. American Radiator Co. vs. Hampson, 41 R. I. 87, 91.

In this case  the  evidence introduced raises considerable doubt as to whether the owner or owners  could not have been easily found if reasonable search had been made for them

in this state, and also as to whether they did or did not have a last and usual place of abode in this state. The Court feels that the officer's return should have shown that the owner or owners could not be found and had no place of abode in this state as a prerequisite for service of the notice by posting on the premises.

There is some testimony that the petitioner, Sadie Katersky, did not own the land upon which this building was erected and against which the lien notice was filed, also, that she had no agreement, written or otherwise, with the contractor for the erection of said building; the officer's return shows substituted service against "the owner" (singular) and does not specify whether such "owner" was Jacob J. Katersky, Sadie Katersky, or both. Under these circumstances, whether it was a good service upon either of petitoners becomes a matter of inquiry. Sullivan vs. Bradic, et al., 44 R. I., 447.

The contention that a return of an officer as to service is conclusive and no extrinsic evidence can be offered to contradict or explain any fact therein stated, is true as to all matters which are properly the subject of a return by the officer and to facts which were known to the officer as the time of making his return. If for any reason it becomes material to learn more about the service than is shown in the return, extrinsic evidence may be introduced. 32 Cyc. 514.

We feel that the Bill of Complaint sets forth a statement of facts which calls for an answer by the respondent and the demurrer of the respondent is overruled on all grounds.

Max Levy for complainant.
Sheffield & Harvey for respondents.